UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      Docket No. 1:20-cv-00676-JMF
CHRISTOPHER DARLING, GLENN DARLING,
CGD INC., d/b/a HEAVY DUTY DIESEL, and
DARLING CORPORATION,

                               Plaintiffs,                      **STIPULATED
                                                                         PROTECTIVE ORDER
                                                                           REGARDING THE
                        v.                                             DISCLOSURE AND USE OF
NORTHERN TOOL & EQUIPMENT COMPANY,     DISCOVERY MATERIALS**
INC., and TGB INTERNATIONAL, LLC,

                               Defendants.
------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and among the attorneys for the parties ("The Parties") in the above-captioned action that:

The Parties herein anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

    1.    **PURPOSES AND LIMITATIONS**

        (a)    Protected Material (defined below) designated under the terms of this Protective Order shall be used by a Receiving Party (defined below) solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

        (b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made

with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.

(c) Nothing contained in this Order is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information or information (including metadata) for relevance, responsiveness and/or segregation of privileged or protected information before production.

2. **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

(b) "Outside Counsel" means (i) outside counsel who have entered an appearance as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure.

4. **SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material, including, without limitation, an order that certain matters not be produced at all.

5.  **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)  <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)  <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)  <u>Legal Advice Based on Protected Material</u>.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)  <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party with the written consent of the Producing Party or pursuant to order of the Court.

## 7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material as CONFIDENTIAL.

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents, and tangible things that meet the requirements for confidentiality may be so designated by placing the appropriate designation on every page of the written material prior to production or in the case of multi-page document the appropriate designation may be placed on the first page of such document. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL" during the inspection and re-designated, as appropriate during the copying process.

(c) <u>Native Files.</u> Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format, including placing the CONFIDENTIAL designation on the slipsheet for the native document. When native electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the native electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d) <u>Depositions and Testimony</u>.

(i) A party may designate a document produced during the course of a deposition as "CONFIDENTIAL" by affixing the appropriate designation on the document during the deposition in accordance with this Protective Order

(ii) A party may designate testimony in a deposition as "CONFIDENTIAL" as follows:

(A) The deposition transcript portions will be designated "CONFIDENTIAL" or a party making the designation can have the corresponding portion of the deposition record or the exhibit labeled as "CONFIDENTIAL" within thirty (30) days from receipt of the transcript.

(B) Counsel may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at the deposition about a particular document or disclosing particular information is subject to this Protective Order or "CONFIDENTIAL."

(C) If so designated, the portions of the final transcript of the testimony designated as "CONFIDENTIAL" will be bound in a separate volume and marked "CONFIDENTIAL – SUBJECT TO THE PROTECTIVE ORDER" by the court reporter.

(D) Access to any portion of a deposition transcript or exhibit designated "CONFIDENTIAL" will be limited pursuant to the terms of this Protective Order.

(iii) Each deposition witness testifying about "CONFIDENTIAL" material during a deposition will be provided at the deposition with a copy of this Protective Order and will acknowledge on the record that he or she is bound by the terms of this Protective Order.

(iv) Counsel may invoke this Protective Order during the course of a deposition to ensure that no person will be present during portions of a deposition regarding either documents that have been designated "CONFIDENTIAL" or testimony which Counsel has stated on the record is "CONFIDENTIAL" unless that person (1) is a party to this action, (2) is authorized under the terms of this Protective Order to receive documents and information that have been designated as "CONFIDENTIAL," or (3) receives express consent to be present from the Producing Party.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the

Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case; and

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, including as necessary any staff of such expert or consultant, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)   The Court (redacted and/or under seal, pursuant to the procedures set forth in this Court's Individual Rules and Practices in Civil Cases and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, or *in camera* with the Court's permission);

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)   Any mediator, master, or referee who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

## 9.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify (including by Bates number) the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. ;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

10. **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall, within seven days, give written notice thereof to every Party who has produced such Discovery Material and to its counsel, and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

11. **FILING AND/OR DISCLOSURE OF PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party, or a court Order secured pursuant to the provisions for challenging confidentiality designations set forth in Section 9 of this Stipulated Protective Order or *sua sponte* by the Court, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any party may seek to file the Protected Material redacted and/or under seal, pursuant to the procedures set forth in this Court's Individual Rules and Practices in Civil Cases and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York. The Receiving Party may not file any Protected Materials in redacted form without first obtaining written approval from the Producing Party regarding the proposed redacted version to be filed.

(c) In the event the Court denies a motion to seal a filing containing any Protected Material, a Receiving Party must meet-and-confer with the Producing Party (and any other interested parties) at least 72 hours prior to filing any Protected Material publicly, and the parties must use their best efforts to limit disclosure of the Protected Material to that which is necessary to support the Receiving Party's claims and/or defenses.

(d) Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivations for designating any Protected Materials as CONFIDENTIAL without first having obtained permission of the Court to do so.

(e) This Protective Order shall not apply to the disclosure of Protected Materials or the information contained therein at the time of trial. These issues may be taken up as a separate matter upon the motion of any of the parties prior to or during the trial.

12. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, the attorney work-product doctrine, a joint defense privilege, or any other applicable privilege or protection (collectively a "Privilege"), despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for the destruction of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a written request from any Producing Party who has inadvertently produced Discovery Material that it subject to a Privilege, each Receiving Party shall, within seven (7) days of receiving such a request, destroy such Protected Material or Discovery Material and certify same in writing to the Producing Party.

(c)     In the event that a receives materials that, on their face, appear to be subject to a Privilege, the Receiving Party shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to designate the materials as inadvertently produced privileged materials subject to the claw-back provisions set forth in this Section.

(d)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

13.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties in writing that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order,. Once a Receiving Party has received

notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

14. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

15. **FINAL DISPOSITION**

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall securely destroy all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Discovery Material shall certify in writing that all such materials have been destroyed by providing an declaration in the form

attached hereto as Exhibit B. Notwithstanding the provisions for destruction of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

16. **MISCELLANEOUS**

    (a) <u>Right to Further Relief</u>. This Stipulated Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs. However, nothing in this Order waives any Party's right to argue that certain material may require additional or further confidentiality protections than those set forth herein.

    (b) <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

    (c) <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

    (d) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any

Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof.</u>  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>.  The Federal Courts of the State of New York are responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the Federal Courts of the State of New York.

(g) <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, this Court's Individual Rules and Practices in Civil Cases, and any other applicable law, rules, and/or Court orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and other applicable law and rules, or the Court's own orders.

(h) <u>Effective Date.</u>  Notwithstanding the date upon which the Court enters this Protective Order, this Stipulated Protective Order shall become effective and binding upon each Party to this action, and each of their undersigned counsel, on the date each party and each counsel execute the same.

(i)     Counterparts.  This Stipulated Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with this Court.

(j)     Knowing and Voluntary Execution.  Each Party and each of their undersigned counsel acknowledge that they have executed this Stipulated Protective Order voluntarily and that the terms and provisions of this Stipulated Protective Order have been read and understood by them.

**WEINSTEIN, ZIMMERMAN & OHLIGER**

By: _____
    Jason R. Ohliger, Esq.
Attorneys for Plaintiffs
410 Broad Street
Milford, Pennsylvania 18337
Tel. (570) 296-7300

Signed and Dated: June 5, 2020

**MASLON LLP**

By: _Stephanie Laws_
    Judah Druck, Esq.
    Katie Maechler, Esq.
    Stephanie Laws, Esq.
Attorneys for Defendant
NORTHERN TOOL & EQUIPMENT COMPANY, INC.
3300 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Tel. (612) 672-8303

*-and-*

Thomas M. Mealiffe
Nixon Peabody LLP
Tower 46
55 West 46th Street
New York, NY 10036-4120
Tel. (516) 524-3529

Signed and Dated: June 4, 2020

NICOLETTI SPINNER RYAN GULINO PINTER LLP

By: *Angela A. Lainhart*
    Angela A. Lainhart, Esq.
Attorneys for Defendant
TGB INTERNATIONAL, LLC
555 Fifth Avenue, 8th Floor
New York, New York 10017
Tel: (212) 730-7750
File: 70151.705

Signed and Dated: June 3, 2020

SO ORDERED,

_____   June 9, 2020
Hon. Jesse M. Furman

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

The Clerk of Court is directed to terminate ECF No. 48.

## EXHIBIT A

1. _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in CHRISTOPHER DARLING, GLENN DARLING, CGD INC., d/b/a HEAVY DUTY DIESEL and DARLING CORPORATION v. NORTHERN TOOL & EQUIPMENT COMPANY, INC. and TGB INTERNATIONAL, LLC, United States District Court of the Southern District of New York, Docket No. 1:20-cv-00676-JMF.

2. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

3. By signing this Declaration, I promise that I will use the materials and contents of the materials designated "confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Declaration, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed a declaration in the same form as this Declaration.

5. By signing this Declaration, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL" pursuant to the Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said materials be provided to me.

6. I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL" pursuant to the Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

**EXHIBIT A**

Name of individual:_____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]

EXHIBIT A

## **EXHIBIT B**

1. I have requested and received from _____ all of the materials, transcripts, and other things designated as Confidential as described in the Protective Order which was entered by the Court in CHRISTOPHER DARLING, GLENN DARLING, CGD INC., d/b/a HEAVY DUTY DIESEL and DARLING CORPORATION v. NORTHERN TOOL & EQUIPMENT COMPANY, INC. and TGB INTERNATIONAL, LLC, United States District Court of the Southern District of New York, Docket No. 1:20-cv-00676-JMF.

2. With the exception of court filings, I have destroyed all of the materials, transcripts, and other things designated as Confidential, including those materials which were returned to me by _____ in accordance with the preceding paragraph, described in the Protective Order entered by the Court in CHRISTOPHER DARLING, GLENN DARLING, CGD INC., d/b/a HEAVY DUTY DIESEL and DARLING CORPORATION v. NORTHERN TOOL & EQUIPMENT COMPANY, INC. and TGB INTERNATIONAL, LLC, United States District Court of the Southern District of New York, Docket No. 1:20-cv-00676-JMF.

Name of individual:_____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____


_____

[Signature]

**EXHIBIT B**